# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Larry Walker,<br><br>    Defendant. | No. CR-03-00142-1-PCT-SRB<br> (Supervised Release Violation)<br><br>FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE UPON ADMISSION |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE.

    Upon Defendant's request to enter an admission to a violation(s) of supervised release, pursuant to pursuant to Rule 11, of the Federal Rules of Criminal Procedure, this matter came on for hearing before United States Magistrate Judge Michelle H. Burns on October 3, 2019, with the written consents of Defendant, counsel for Defendant, and counsel for the United States of America.

    In consideration of that hearing and the statements made by the Defendant under oath, on the record, and in the presence of counsel, and the remarks of the Assistant United States Attorney and of counsel for Defendant,

    **I FIND** as follows:

    (1) that Defendant understands the nature of the supervised release violation(s) alleged and the nature of the violation to which Defendant is admitting;

    (2) that Defendant understands the right to a revocation hearing, to persist in denials, to the assistance of counsel, and appointed counsel if necessary at every other stage of the

proceedings, to confront and cross-examine adverse witnesses, to testify and present evidence, to compel the attendance of witnesses and the right against compelled self-incrimination;

(3) that Defendant understands the maximum disposition for the supervised release violation, including imprisonment, fine and supervised release, and where applicable, any mandatory minimum penalties; that Defendant understands that the disposition guidelines are advisory, not mandatory, and that the disposition judge may depart from those guidelines;

(4) that Defendant's admission to violating supervised release has been knowingly, intelligently, and voluntarily made and is not the result of force or threats or of promises between the parties;

(5) that Defendant is competent to admit to the supervised release violation;

(6) that Defendant understands that statements under oath may later be used in a prosecution for perjury or false statements;

(7) that the Defendant understands that by admitting to the supervised release violation waives the right to a revocation hearing;

(8) that Defendant is satisfied with the representation provided by defense counsel;

(9) that there is a factual basis for Defendant's admission; and

**I RECOMMEND** that the admission be accepted.

## O R D E R

IT IS ORDERED that any objection to the admission proceedings and any request for supplementation of those proceedings be made by the parties in writing and shall be specific as to the objection or request made.  All objections or requests for supplementation shall be filed within fourteen (14) days of the date of service of a copy of these findings unless extended by an Order of the assigned district judge.

IT IS FURTHER ORDERED no more than ten (10) character letters shall be submitted by defense counsel in criminal cases, unless otherwise ordered by the court.

IT IS FURTHER ORDERED original letters must be submitted by defense counsel in paper form with the original to the U.S. Probation Office and copies to the disposition judge and opposing counsel at least five (5) business days prior to the hearing.  Character letters shall not be mailed directly to the disposition judge by any family members or other persons writing in support of the Defendant. Character letters or a notice of such shall not be filed electronically unless otherwise ordered by the court.

IT IS FURTHER ORDERED that any motions for upward departure, downward departure and disposition memoranda must be filed, at least, seven (7) business days prior to the disposition.  Responses are due three (3) business days prior to the disposition date.  Any motion to continue disposition must be filed promptly upon discovery of the cause for continuance and must state the cause with specificity.  Motions to continue disposition filed less than fourteen (14) days before disposition are disfavored.   If either party intends to call a speaker at sentencing, other than the Defendant, counsel must notify the Courtroom Deputy at least three (3) business days in advance.

Dated this 8th day of October, 2019.

_____
Honorable Michelle H. Burns
United States Magistrate Judge